**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ISAAC RIVERA, :
Petitioner, :
v. :
WARDEN PAUL M. SCHULTZ, :
Respondent. :

Civil Action No. 09-6133 (RBK)

**OPINION**

**APPEARANCES:**

Petitioner pro se
Isaac Rivera
F.C.I. Fairton Camp
P.O. Box 420
Fairton, NJ 08320

Counsel for Respondent
Elizabeth Ann Pascal
Asst. U.S. Attorney
401 Market Street
P.O. Box 2098
Camden, NJ 08101

**KUGLER**, District Judge

Petitioner Isaac Rivera, a prisoner currently confined at the Federal Correctional Institution at Fairton, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] The sole respondent is Warden Paul M. Schultz.

---

[1] Section 2241 provides in relevant part:

> (a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
> (c) The writ of habeas corpus shall not extend to a prisoner unless-- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

Because it appears from a review of the Petition that Petitioner is not entitled to relief, the Petition will be denied.

## I. BACKGROUND

Petitioner is presently confined pursuant to a sentence imposed in this Court in United States v. Rivera, Criminal No. 01-373 (D.N.J.), for conspiracy to distribute and possession with intent to distribute cocaine, in violation of 21 U.S.C. § 846. On March 22, 2005, Petitioner was sentenced to a 216-month term of imprisonment, to be followed by five years' supervised release. On January 13, 2009, his sentence was reduced to a 175-month term of imprisonment, to be followed by five years' supervised release. Assuming Petitioner earns all good conduct time available, his projected release date is February 18, 2014.

Here, Petitioner asserts that the Federal Bureau of Prisons timeframe for considering prisoners for participation in the Residential Drug Abuse Treatment Program is "inconsistent" with the early-release incentive of that program as well as other statutory provisions for pre-release custody in Residential Re-Entry Centers and/or home confinement.

Briefing is complete and this matter is now ready for decision on the papers submitted.

II. THE RESIDENTIAL DRUG ABUSE TREATMENT PROGRAM ("RDAP")

In 1990, Congress required the Bureau of Prisons to "make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse." Crime Control Act of 1990, Pub.L. 101-647, § 2903, 104 Stat. 4789, 4913 (codified as amended at 18 U.S.C. § 3621(b)). In 1994, Congress amended the statute to provide an incentive for prisoner participation. The incentive provision reads:

> The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.

Violent Crime Control and Law Enforcement Act of 1994, Pub.L. 103-322, § 32001, 108 Stat. 1796, 1897 (codified at 18 U.S.C. § 3621(e)(2)(B)).

Pursuant to this statutory mandate, the Bureau of Prisons has created the Residential Drug Abuse Treatment Program ("RDAP"), consisting of three components: (1) a unit-based component during which inmates complete a course of activities provided by drug abuse treatment specialists, lasting 9 to 12 months, (2) interim follow-up services, if time permits between the unit-based component and the community-based component, and (3) a transitional drug abuse treatment component, during which inmates are transferred to community confinement for

participation in a community-based drug treatment program. See, e.g., 28 C.F.R. § 550.53; BOP Program Statement 5330.11 "Psychology Treatment Programs."

If verifiable documentation of a substance abuse disorder exists, an inmate who volunteers for participation in RDAP will be interviewed by the Drug Abuse Program Coordinator to determine eligibility. "Interviews will be conducted based on the inmate's proximity to release, ordinarily no less than 24 months from release." P.S. 5330.11, § 2.5.9. In practice, prisoners are typically first evaluated for participation in RDAP when they are approximately 36 months from their projected release date. (Answer, Affidavit of Brian Redondo.)

## III. PRE-RELEASE PROGRAMMING

Pre-release Residential Re-Entry Center ("RRC") assignments are governed by 18 U.S.C. § 3624(c)(1), which was amended in 2007 by the Second Chance Act, Pub. L. No. 110-199, effective April 9, 2008. In essence, the Act extends the maximum amount of time that the Bureau of Prisons may place an inmate in an RRC to twelve months.

The Second Chance Act provides, in pertinent part:

> (1) In General.--The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the

community. Such conditions may include a community correctional facility.

(2) Home confinement authority.--The authority under this subsection may be used to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months.

...

(4) No limitations.--Nothing in this subsection shall be construed to limit or restrict the authority of the Director of the Bureau of Prisons under section 3621.

...

(6) Issuance of regulations.--The Director of the Bureau of Prisons shall issue regulations pursuant to this subsection not later than 90 days after the date of the enactment of the Second Chance Act of 2007, which shall ensure that placement in a community correctional facility by the Bureau of Prisons is--

(A) conducted in a manner consistent with section 3621(b) of this title;

(B) determined on an individual basis; and

(C) of sufficient duration to provide the greatest likelihood of successful reintegration into the community.

18 U.S.C. § 3624(c).

As noted in the statute, the BOP was directed to issue regulations not later than 90 days after the date of the enactment of the Second Chance Act, to ensure that placement determinations would be conducted consistently with 18 U.S.C. § 3621(b), that the determinations would be individualized, and that the duration of placements would be sufficient. Section 3621(b) provides:

> (b) Place of imprisonment.  The Bureau of Prisons shall designate the place of the prisoner's imprisonment.  The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering-
>
> (1) the resources of the facility contemplated;
> (2) the nature ad circumstances of the offense;
> (3) the history and characteristics of the prisoner;
> (4) any statement by the court that imposed the sentence - (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or (B) recommending a type of penal or correctional facility as appropriate; and
> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to Section 994(a)(2) title 28 ... .
>
> ... Any order, recommendation, or request by a sentencing court that a convicted person serve a term of imprisonment in a community corrections facility shall have no binding effect on the authority of the Bureau under this section to determine or change the place of imprisonment.

Subsequently, the BOP issued the required regulations, effective October 21, 2008, setting forth procedures for evaluating inmates' placement decisions to RRCs or home detention.  See 28 C.F.R. §§ 570.20-570.22.

Title 28 of the Code of Federal Regulations, section 570.22 states: "Inmates will be considered for pre-release community confinement in a manner consistent with 18 U.S.C. section 3621(b), determined on an individual basis, and of sufficient

duration to provide the greatest likelihood of successful reintegration into the community, within the time-frames set forth in this part."

The time frames noted are set forth in section 570.21, which provides:

> (a) Community confinement.  Inmates may be designated to community confinement as a condition of pre-release custody and programming during the final months of the inmate's term of imprisonment, not to exceed twelve months.
>
> (b) Home detention.  Inmates may be designated to home detention as a condition of pre-release custody and programming during the final months of the inmate's term of imprisonment, not to exceed the shorter of ten percent of the inmate's term of imprisonment or six months.
>
> (c) Exceeding time-frames.  These time-frames may be exceeded when separate statutory authority allows greater periods of community confinement as a condition of pre-release custody.

28 C.F.R. § 570.21.

## IV. ANALYSIS

Petitioner contends that the policy of considering prisoners for participation in RDAP approximately 24 to 36 months before the projected release date deprives prisoners of some of the incentives of the RDAP and other pre-release programs, because the logistics, including pre-participation interviews and transfers, preclude full realization of a 12-month RDAP unit program, 12 months in an RRC, and six months' home confinement.

Petitioner requests immediate consideration for participation in RDAP. Petitioner's argument is meritless.[2]

Petitioner is not deprived of any constitutional or statutory right by any potential "diminishment" of the maximum eligibility for sentence reduction upon successful completion of RDAP, or RRC placement, or home confinement that may result from the timetable set forth above, for the simple reason that Petitioner has no constitutional or statutory "liberty" interest in a sentence reduction under § 3621(e) or in a particular length of RRC placement or home confinement. To the contrary, the incentives or benefits offered under these statutes are discretionary; prisoners have no right to compel an early determination as to their eligibility. See, e.g., Gambino v.Gerlinski, 96 F.Supp.2d 456 (M.D. Pa. 2000), aff'd, 216 F.3d 1075 (3d Cir. 2000) (table); Bellreng v. Grondolsky, Civil No. 08-5250, 2009 WL 4912097 (D.N.J. Dec. 11, 2009); Levon v. Quintana, Civil No. 08-0318, 2009 WL 2176349 (W.D. Pa. July 14, 2009); Guel v. Whitehead, Civil No. 07-4069, 2007 WL 1558654 (D.S.D. May 25, 2007); Norwood v. Stine, Civil No. 06-0144, 2006 WL 1207712 (E.D. Ky. May 3, 2006).

---

[2] Unlike the petitioner in Nuckols v. Schultz, Civil No. 07-2319, 2007 WL 1723409 (D.N.J. June 8, 2007), upon which Respondent relies, the Petitioner here has articulated a specific and immediate injury, that he is presently deprived of full realization of various alleged federal statutory "rights," with which the RDAP evaluation timetable allegedly conflicts. Thus, this Court finds that it has jurisdiction to decide this claim.

## V. CONCLUSION

For the reasons set forth above, the Petition will be denied. An appropriate order follows.

s/Robert B. Kugler
Robert B. Kugler
United States District Judge

Dated: October 27, 2010